## Gallagher et al., Appellants, *v.* Swan.

*Married women—Contract—Nonsuit—Evidence.*

A nonsuit is properly entered in an action against a married woman for supplies furnished to a hotel, where it appeared that the goods were not furnished upon her credit, that they were charged to her husband, and defendant denied that she had any interest in the business, and her testimony was uncontradicted.

Argued Oct. 24, 1892.    Appeal, No. 331, Oct. T., 1891, by plaintiffs, Gallagher Brothers, from order of C. P. No. 1, Allegheny Co., March T., 1890, No. 510, entering judgment of nonsuit in favor of defendant, Isabel A. Swan.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for goods sold and delivered.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) entry of nonsuit and (2) refusal to take it off.

*A. Blakeley*, for appellants, cited: Edmunds v Bushell, L. R. 1 Q. B. 97; Youghiogheny Iron & Coal Co. v. Smith, 66 Pa. 340; Beymer v. Bonsall, 79 Pa. 298; Claflin v. Lenheim, 66 N. Y. 301; Diversey v. Kellogg, 44 Ill. 114; Hubbard v. Tenbrook, 124 Pa. 291; Story, Agency, §§ 446, 470.

*George H. Quaill*, for appellee, cited: Deford v. Reynolds, 36 Pa. 325; Armstrong v. Hussey, 12 S. & R. 316.

PER CURIAM, January 3, 1893:

The only complaint here is that the court refused to take off the compulsory nonsuit. An examination of the evidence fails to satisfy us that the learned judge below committed error in this refusal.

The plaintiff's husband kept a hotel, known as the "Swan House," and the plaintiff supplied the house with meats, commencing in 1884, and continuing until the house was closed in 1889. The supplies furnished were charged to Mr. Swan, and were used in the house; on two occasions Swan giving his note for unpaid bills. When Mr. Swan quit business in January, 1889, the balance due plaintiff was $170, for which this suit was brought, not against Mr. Swan, but against his wife, upon the allegation that she was the proprietor of the house, and that her husband was merely her agent in conducting the business.

There was no evidence to sustain this allegation, nor to charge the wife. It appears that Mrs. Swan, her sister and brother had formerly kept a house, known as the "Garvin House." When this house was closed Mrs. Swan appears to have gone out of the business. The evidence fails to show that she had any interest in the "Swan House," or was in any way responsible for its bills. She testified distinctly that she had no interest, and in this she was uncontradicted. The meat was charged to her husband and was not sold upon her credit. The plaintiff had no case, and was properly nonsuited.

Judgment affirmed.